IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODUM USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LaCAFETIÉRE, INC., <br><br> Defendant. | No. 07 C 6302 <br><br> **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR INFRINGEMENT OF**
**TRADE DRESS AND UNFAIR COMPETITION**

For its Amended Complaint against LaCafetiére, Inc. ("LaCafetiére"), Plaintiffs Bodum USA, Inc. ("Bodum") alleges:

**NATURE OF THE ACTION**

1. This Complaint seeks injunctive relief and damages for LaCafetiére's trade dress infringement pursuant to 15 U.S.C. §1125(a) (Count I), unfair competition (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).

**THE PARTIES**

2. Bodum is a Delaware corporation having its principal place of business at 413-415 West 14th Street, New York, New York 10014.

3. Bodum is in the business of, among other things, importing, distributing, promoting and selling specialty housewares, including a line of non-electric coffee makers and related items under the federally registered trademark CHAMBORD®, throughout the United States, including this Judicial District.

4. LaCafetiére is an Illinois corporation having its principal place of business at 2756A Weeping Willow Drive, Lisle, IL 60532.

5. LaCafetiére is in the business of, among other things, promoting and selling household goods and specialty housewares throughout the United States, including this District, including nonelectric coffeemakers and related items.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claim herein involves questions of federal law. This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I under the United States trademark laws.

7. This Court has personal jurisdiction over LaCafetiére under 735 ILCS 5/2-209 *et seq.*, because it is a domiciliary of the State of Illinois, has committed tortious acts within the State of Illinois causing injury to Bodum within the state, and regularly conducts business in the State of Illinois, including this District. Further, this Court's exercise of personal jurisdiction over LaCafetiére complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

8. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

9. Since at least 1995, Bodum has been engaged in the importation, promotion, distribution and sale of high-quality non-electric, French-press coffee makers, including Bodum's CHAMBORD® coffee makers. For this period of time, Bodum has sold such coffee makers throughout the United States.

10. Bodum developed and adopted a unique and distinctive overall appearance for its CHAMBORD® coffee makers such that purchasers and the trade are easily able to identify such products as originating from Bodum. This unique and distinctive overall appearance includes the design of the handle, the metallic stand that holds the carafe, the distinctive bands affixing the handle to the carafe, the shape of the handle on the plunger, the domed-shaped lid, as well as other aspects of Bodum's CHAMBORD® coffee maker. A picture of Bodum's CHAMBORD® coffee maker is attached as Exhibit A. This overall design of Bodum's coffee maker is referred to herein as the "Bodum CHAMBORD® Trade Dress."

11. Bodum, long prior to the acts of LaCafetiére described in this Complaint, has extensively advertised and promoted the Bodum CHAMBORD® Trade Dress. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion and sale and public acceptance of the Bodum CHAMBORD® Trade Dress, Bodum's CHAMBORD® coffee makers have acquired a fine and valuable reputation. The public recognizes Bodum CHAMBORD® Trade Dress and that it identifies Bodum's products exclusively. Bodum's CHAMBORD® coffee makers have acquired an outstanding celebrity and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality and by fair and honorable dealing with the trade and public in the distribution and sale thereof.

12. The identifying appearance of the Bodum CHAMBORD® Trade Dress constitutes protectable property of Bodum.

13. Bodum has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote the Bodum CHAMBORD® Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, fixture programs with retailers and demonstrations and training.

Such efforts have created and reinforced the association of the Bodum CHAMBORD® Trade Dress in the minds of the trade and the consuming public.

14. Bodum recently has discovered that LaCafetiére has been promoting and advertising for sale non-electric, French-press coffee makers that are colorable imitations of Bodum's CHAMBORD® coffee makers. A picture of LaCafetiére's coffee maker is attached as Exhibit B.

15. LaCafetiére's coffee makers copy the look and overall appearance of the Bodum CHAMBORD® Trade Dress, including the elements described above, and is confusingly similar thereto.

16. LaCafetiére's coffee makers are advertised, promoted and marketed in the same channels of trade as Bodum CHAMBORD® Trade Dress in the United States, including this District.

17. On information and belief, LaCafetiére knew of the Bodum CHAMBORD® Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to LaCafetiére's first promotion and use of its infringing trade dress for its coffeemakers. LaCafetiére deliberately adopted an appearance for its competing product seeking to trade upon the hard-earned goodwill of Bodum, and LaCafetiére has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum CHAMBORD® Trade Dress.

18. Confusion will be likely to result from LaCafetiére's conduct unless enjoined by this Court.

19. Bodum has been and will continue to be seriously and irreparably injured unless LaCafetiére's conduct is enjoined by this Court.

## COUNT I
## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

20. As a complete and first ground for relief, Bodum hereby charges LaCafetiére with false representation and/or false designation of origin under 15 U.S.C. § 1125(a) and realleges and incorporates herein by this reference paragraphs 1 through 20 of this Complaint.

21. LaCafetiére intentionally has adopted and is using in commerce in connection with the advertising, promotion and sale of its coffee makers, an overall appearance that is intended by LaCafetiére to be substantially similar to, and a colorable imitation of, the distinctive Bodum CHAMBORD® Trade Dress.

22. LaCafetiére's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum CHAMBORD® Trade Dress without authorization of Bodum is likely to cause confusion, to cause mistake and/or to deceive.

23. Through the promotion, advertising and sale of such a confusingly similar coffeemaker, LaCafetiére has unlawfully simulated, appropriated and infringed Bodum's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or representation of Bodum's products or a false designation of origin in violation of 15 U.S.C. § 1125(a).

24. LaCafetiére's conduct and its false representation of genuineness has injured and will injure Bodum by diversion of Bodum's goodwill and sales to LaCafetiére, and by diminishing and destroying Bodum's goodwill and reputation. Bodum seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by LaCafetiére and those sums lost by Bodum as a result of such conduct and actions, in an amount not less than $75,000.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

25. As a complete and second ground for relief, Bodum hereby charges LaCafetiére with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 25 of this Complaint.

26. Bodum alleges that LaCafetiére has, by careful and considered planning, intentionally promoted its coffee makers to consumers through the use of Bodum CHAMBORD® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of its goods based on the merit, reputation and goodwill of Bodum and its high-quality products and services.

27. LaCafetiére's actions constitute oppression, fraud and malice in that LaCafetiére has intentionally engaged in activities designed to confuse the public and to divert sales to LaCafetiére that would have otherwise been enjoyed by Bodum.

28. Bodum further alleges that LaCafetiére has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and Bodum CHAMBORD® Trade Dress through its use of a confusingly similar trade dress. As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Bodum CHAMBORD® Trade Dress, and LaCafetiére will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT

29. As a complete and third ground for relief, Bodum hereby charges LaCafetiére with violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq., and realleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint.

CHICAGO/#1712671.1

30.     Bodum alleges that LaCafetiére intentionally, willfully and unlawfully simulated and appropriated Bodum's rights and the Bodum CHAMBORD® Trade Dress, by advertising, promoting, offering to sell and selling its coffee makers.

31.     Bodum further alleges that LaCafetiére's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of LaCafetiére's products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.

32.     LaCafetiére's actions constitute oppression, fraud and malice in that LaCafetiére has intentionally engaged in activities designed to confuse the public and to divert sales to LaCafetiére that would have otherwise been enjoyed by Bodum.

33.     As a result of LaCafetiére's actions and misappropriation of Bodum's rights, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of the Bodum CHAMBORD® Trade Dress, and LaCafetiére will be unjustly enriched thereby in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Plaintiffs request that this Court enter judgment that Defendant LaCafetiére, Inc.:

A.     infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress and competed unfairly with Bodum USA, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of its coffee makers;

B.     infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress and has competed unfairly with Bodum, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of its coffee makers;

C.     unfairly competed with Bodum USA, Inc. and has violated the Illinois Uniform

Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.;

  D. be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

    1. Advertising, marketing, offering for sale or selling LaCafetiére, Inc.'s coffee makers and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade dress confusingly similar thereto;

    2. Advertising, marketing, offering for sale or selling LaCafetiére, Inc.'s coffee makers and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade packaging confusingly similar thereto;

    3. Unfairly competing with Bodum USA, Inc.;

    4. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum; and

  E. be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, coffeemakers in its possession bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress or any reproduction, counterfeit, copy or colorable imitation thereof and that LaCafetiére, Inc. be required to recall all products or packaging bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress from its customers and refund any monies paid for such products to its customers;

  F. account and pay to Bodum USA, Inc. all profits received from the sale of LaCafetiére, Inc.'s products bearing a trade dress that is identical or confusingly similar to the

Bodum CHAMBORD® Trade Dress;

G.   pay to Bodum USA, Inc. its actual damages on account of LaCafetiére, Inc.'s infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the Bodum CHAMBORD® Trade Dress to LaCafetiére, Inc. and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

H.   award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS § 510/1 *et seq*.; and

I.   award for such other and further relief in favor of Bodum USA, Inc. as this Court deems proper and just.

### DEMAND FOR JURY TRIAL

Bodum USA, Inc. demands trial by jury.

Dated:  November 8, 2007                                Respectfully submitted,

                                                        BODUM USA, INC.


                                                        By:  s/David E. Bennett
                                                                One of Its Attorneys


David E. Bennett
Chad A. Schiefelbein
Jared C. Jodrey
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
(312) 609-7500