**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BODUM USA, INC.,** | ) | |
| a Delaware Corporation, | ) | |
| | ) | Case No.  07-CV-06302 |
| Plaintiff, | ) | |
| v. | ) | Judge Matthew F. Kennelly |
| | ) | |
| **LA CAFETIÉRE, INC.,** | ) | JURY TRIAL DEMANDED |
| an Illinois corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF LA CAFETIÉRE'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## INTRODUCTION

In a Complaint that strays beyond the bounds of established intellectual property law, Bodum USA, Inc. ("Bodum" or "Plaintiff") tries to monopolize the vague overall "look and overall appearance" of a coffee maker, and seeks damages and an injunction against La Cafetiére, Inc. ("La Cafetiére" or "Defendant") for its sale of allegedly confusingly similar coffee makers.

However, Bodum does not claim infringement of any federally registered utility patent or design patent.[1]    Further, no federal copyright or trademark registration is pled in this case. Bodum is seeking protection of an unregistered overall product configuration.    Therefore, Bodum squarely bears a heavy legal burden to establish exclusive rights in that unregistered product design, and has no legal presumption of exclusive ownership, rights or validity in which to find comfort.

A federal monopoly of trade dress protection in an unregistered product design cannot be enforced when the product features claimed are primarily functional.  To resolve a Circuit split, and any ambiguity, Congress codified the strong public policy against the potential for anticompetitive use of intellectual property law to monopolize functional product designs, and the Supreme Court has since affirmed it.  The plaintiff now squarely bears the burden when alleging a monopoly in a product configuration trade dress case to demonstrate ***non-functionality***.

Tellingly, ***Bodum's Complaint lacks any reference to non-functionality whatsoever, failing to meet even the threshold requirement of pleading a trade dress claim.***  Consequently, because Bodum did not properly plead a legal basis for a claim for relief under any of the theories it relies upon, La Cafetiére moves to dismiss Bodum's Amended Complaint in its entirety with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

---

1    Bodum's first Complaint included a prayer for demand of damages and an injunction on a registered design patent, with no patent attached or claim for patent infringement specified. Bodum has apparently withdrawn that claim entirely in its First Amended Complaint.

## STATEMENT OF FACTS

Both Bodum and La Cafetiére sell non-electrical coffee makers of the "french press" style. A "french press" style coffee maker is a remarkably simple device, and functions much like a simple teapot. Coffee grounds are placed in a glass beaker along with hot water. After the grounds and water steep, a plunger is pushed down, with the liquid coffee passing through a screen at the bottom of the plunger. The grounds are pressed to the bottom of the cylinder. The resulting strong coffee is then poured out, with the grounds remaining in place beneath the screen.

Bodum sells one of its french press style coffee makers under the CHAMBORD® trademark, but its Complaint goes much further in claiming intellectual property rights. Bodum claims exclusive ownership over the entire product design and its allegedly "unique and distinctive overall appearance." (Amended Compl. ¶ 10; Case No. 07 CV 06302). Bodum makes no reference to the product's components' (or overall) non-functionality.

A picture of Bodum's Chambord® french press style coffee maker is shown below for demonstration purposes, along with a diagram of the features that Bodum alleges constitute its protectible trade dress. This picture is taken from Bodum's website and is the same as the coffee maker shown in Bodum's Amended Complaint:



Bodum attempts to claim three causes of action based on La Cafetiére's sale of its french press style coffee makers: one based on the Lanham Act, 15 U.S.C. § 1125(a), for trade dress infringement; another for common law unfair competition; and the last for a violation of the Illinois Uniform Deceptive Trade Practices Act. Each of these theories fail as a matter of law for the same reasons, as detailed below.

## ARGUMENT

## I.  FED. R. CIV. P. 12(b)(6) REQUIRES DISMISSAL OF ALL OF BODUM'S CLAIMS.

A complaint must, at a minimum, plead all the elements of a legal claim to survive a motion to dismiss. *Kim v. Riscuity, Inc.*, No. 06-C-1585, 2006 U.S. Dist LEXIS 56450, at *10 (N.D. Ill. July 31, 2006) (Kennelly, J.) (granting defendant's motion in part because plaintiff did not allege all of the elements of its claim: "[T]he complaint still must allege the elements necessary to sustain a claim for relief."); *Forsythe v. Black Hills Corp.*, No. 04-C-5361, 2007 U.S. Dist. LEXIS 17814, at *8-12 (N.D. Ill. Mar. 12, 2007) (Kennelly, J.) (granting motion to dismiss under Rule 12(b)(6) because plaintiffs did not allege that they were damaged by their reliance on alleged misrepresentations).

### A.    Bodum Does Not Properly Plead a Cause of Action of Trade Dress In a Non-Functional Product Design.

To succeed in an action for trade dress infringement, a plaintiff must be prepared to establish that "(1) its trade dress is inherently distinctive or has acquired secondary meaning; (2) the similarity of defendant's trade dress to that of the plaintiff's creates a likelihood of confusion on the part of consumers; and *(3) the plaintiff's trade dress is 'non-functional*.'" *Incredible*

*Techs. v. Virtual Techs.*, 284 F. Supp. 2d 1069, 1083 (N.D. Ill. 2003) (Kennelly, J.) (quoting *Computer Care v. Serv. Sys. Enters., Inc.*, 982 F.2d 1063, 1067-68 (7th Cir. 1992)) (emphasis added).

Bodum's Complaint tellingly makes no mention of its ability to establish this critical element, ***failing even to plead*** that the purported trade dress is non-functional.  Consequently, Bodum does not plead any legal or factual basis to support the alleged non-functionality of the basic product design over which it claims a monopoly.  This lack of pleading is fatal to Bodum's Amended Complaint.

To resolve a Circuit split and, avoid ambiguity, the Lanham Act was amended by Congress in 1999 to squarely place the burden of proving non-functionality on the plaintiff who tries to establish a monopoly in a product design.  Lanham Act § 43(a)(3), 15 U.S.C. § 1125(a)(3) ("In a civil action for trade dress infringement under this Act for trade dress not registered on the principal register, the person who asserts trade dress protection has the burden of proving that the matter sought to be protected is not functional.").  The Supreme Court (and this Court) correctly advanced this policy by applying the law consistently: "This burden of proof gives force to the well-established rule that trade dress protection may not be claimed for product features that are functional." *Traffix Devices v. Mktg. Displays*, 532 U.S. 23, 29 (2001); *see also Incredible Techs.*, 284 F. Supp. 2d at 1084 ("[T]he issue of functionality is outcome determinative . . . .").

**B.    Bodum's Complaint is Conclusory and Implausible.**

Lacking any explicit reference to non-functionality, the Complaint also lacks any plausible factual support from which a Court could draw that inference.  While Rule 8 allows for liberal pleading, in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim

upon which relief can be granted, the threshold pleading requirement of Federal Rule of Civil Procedure 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). In *Twombly,* the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

The Seventh Circuit has described the holding in *Twombly* as follows: "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964, 1965, 1973 n.14) (internal citations omitted). A complaint must plausibly suggest that the plaintiff has a right to relief "by providing allegations that 'raise a right to relief above the speculative level.'" *Id.* at 777 (quoting *Twombly,* 127 S.Ct. at 1965, 1968-69). A plaintiff simply cannot satisfy federal pleading requirements in this Circuit "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [its] claims." *W.M. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, No. 06-C-941, 2006 U.S. Dist. LEXIS 46317, at *5 (N.D. Ill. June 26, 2006) (quoting *Perkins v. Silverstein*, 939 F.2d 463, 466-67 (7th Cir. 1991)).

**C.    Consequently, All of Bodum's Claims are Fatally Flawed.**

Establishment of non-functional trade dress rights are fundamental and critical to each claim asserted in the Amended Complaint, and so Bodum's defective pleading is therefore fatal

to all of the counts.  (Amended Compl. ¶¶ 10, 26, 28, 30 and 33, Ex. A).

First, the Lanham Act count of trade dress and unfair competition fails.  *See Trendmasters, Inc. v. Walgreen Co.*, No. 95-C-5379, 1997 U.S. Dist. LEXIS 5601, at \*12-13 (N.D. Ill. Apr. 18, 1997) ("Absent a protectible claim under the Lanham Act, there is no violation of unfair competition.") (citing *Thomas & Betts Corp. v. Panduit Corp.*, 935 F. Supp. 1399, 1419 (N.D. Ill. 1996)).

Second, the Uniform Deceptive Trade Practices Act claim also fails.  *See Trendmasters*, 1997 U.S. Dist. LEXIS 5601, at \*13 ("Absent protectible federal trade dress . . . Uniform Deceptive Trade Practices Act claims must also fail.") (citing *Thomas & Betts*, 935 F. Supp. at 1419).

Finally, the common law count fails, for the same reasons.  *Decor Grates v. Fararo*, No. 92-C-6395, 1997 U.S. Dist. LEXIS 3328, at \*11 (N.D. Ill. Mar. 13, 1997) (trade dress infringement claims under § 43(a) and Illinois common law were "identical" for purposes of summary judgment motion, so Court needed only to determine whether genuine issues of material fact would permit recovery under the former).

Because Bodum's Complaint fails to adequately plead a plausible and substantiated trade dress claim, all of Bodum's causes of action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For all these reasons, Bodum's Complaint should be dismissed, in its entirety, with prejudice.

December 17, 2007                    Respectfully submitted


                                      /s/ R. David Donoghue
                                     Thomas G. Pasternak
                                     R. David Donoghue
                                     **DLA Piper US LLP**
                                     203 North LaSalle Street
                                     Suite 1900
                                     Chicago, Illinois 60601
                                     (312) 368-4000
                                     thomas.pasternak@dlapiper.com
                                     david.donoghue@dlapiper.com

                                     *Of counsel*

                                     Joseph C. Gioconda
                                     **DLA Piper US LLP**
                                     1251 Avenue of the Americas
                                     45th Floor
                                     New York, NY 10020
                                     (212) 335-4755
                                     joseph.gioconda@dlapiper.com

                                     *Attorneys for La Cafetiére, Inc.*