## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BODUM USA, INC.,** | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 CV 06302 |
| | ) | |
| **LA CAFETIÉRE, INC.,** | ) | Judge Matthew Kennelly |
| an Illinois corporation, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

## LA CAFETIÉRE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, La Cafetiére, Inc., by its attorneys, files this Answer to the Second Amended Complaint for Infringement of Trade Dress and Unfair Competition ("Second Amended Complaint") filed by Plaintiff, Bodum USA, Inc.

## NATURE OF THE ACTION

1.      This Complaint seeks injunctive relief and damages for LaCafetiére's trade dress infringement pursuant to 15 U.S.C. §1125(a) (Count I), unfair competition (Count II) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III).

**Answer:**

La Cafetiére admits that Bodum asserts federal and state claims purported to arise pursuant to the cited statutes.  Otherwise, denied.

## THE PARTIES

2.      Bodum is a Delaware corporation having its principal place of business at 413-415 West 14th Street, New York, New York 10014.

**Answer:**

La Cafetiére is without sufficient information or belief to admit or deny the allegations of

this paragraph and, on that basis, denies them.

3.      Bodum is in the business of, among other things, importing, distributing, promoting and selling specialty housewares, including a line of non-electric coffee makers and related items under the federally registered trademark CHAMBORD®, throughout the United States, including this Judicial District.

**Answer:**

La Cafetiére is without sufficient information or belief to admit or deny the allegations of

this paragraph and, on that basis, denies them.

4.      LaCafetiére is an Illinois corporation having its principal place of business at 2756A Weeping Willow Drive, Lisle, IL 60532.

**Answer:**

Admitted.

5.      LaCafetiére is in the business of, among other things, promoting and selling household goods and specialty housewares throughout the United States, including this District, including nonelectric coffeemakers and related items.

**Answer:**

La Cafetiére admits that it sells or offers for sale nonelectric coffeemakers and related

items in this District and elsewhere.  La Cafetiére lacks sufficient knowledge or information to

form a belief as to what Bodum means by "household goods and specialty housewares" and, on

that basis, denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the claim herein involves questions of federal law. This Court also has jurisdiction over Counts II and III under 28 U.S.C. §§ 1338(b) and 1367 because these claims are substantially related to the claims in Count I under the United States trademark laws.

**Answer:**

La Cafetiére denies that any of Bodum's counts state a proper or viable claim. Otherwise, admitted.

7.     This Court has personal jurisdiction over LaCafetiére under 735 ILCS 5/2-209 *et seq.*, because it is a domiciliary of the State of Illinois, has committed tortious acts within the State of Illinois causing injury to Bodum within the state, and regularly conducts business in the State of Illinois, including this District. Further, this Court's exercise of personal jurisdiction over LaCafetiére complies with the Due Process requirements of the United States Constitution and the Illinois Constitution.

**Answer:**

La Cafetiére admits that it is a domiciliary of the State of Illinois and regularly conducts

business in the State of Illinois, including this District, and as such is subject to personal

jurisdiction in this district.  Otherwise, denied.

8.     Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

**Answer:**

Admitted.

## FACTS COMMON TO ALL COUNTS

9.     Since at least 1995, Bodum has been engaged in the importation, promotion, distribution and sale of high-quality non-electric, French-press coffee makers, including Bodum's CHAMBORD® coffee makers. For this period of time, Bodum has sold such coffee makers throughout the United States.

**Answer:**

La Cafetiére is without sufficient information or belief to admit or deny the allegations

of this paragraph and, on that basis, denies them.

10.     Bodum developed and adopted a unique and distinctive overall appearance for its CHAMBORD® coffee makers such that purchasers and the trade are easily able to identify such products as originating from Bodum. This unique and distinctive overall appearance includes the design of the handle, the metallic stand that holds the carafe, the distinctive bands affixing the

handle to the carafe, the shape of the handle on the plunger, the domed-shaped lid, as well as other aspects of Bodum's CHAMBORD® coffee maker. A picture of Bodum's CHAMBORD® coffee maker is attached as Exhibit A. This overall design of Bodum's coffee maker is referred to herein as the "Bodum CHAMBORD® Trade Dress." All of the features that constitute the Bodum CHAMBORD® Trade Dress are non-functional.

**Answer:**

La Cafetiére admits that a picture of Bodum's CHAMBORD® coffee maker is attached as

Exhibit A.  La Cafetiére is without sufficient information or belief to admit or deny the

remaining allegations of this paragraph and, on that basis, denies them.

11.     Bodum, long prior to the acts of LaCafetiére described in this Complaint, has extensively advertised and promoted the Bodum CHAMBORD® Trade Dress. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion and sale and public acceptance of the Bodum CHAMBORD® Trade Dress, Bodum's CHAMBORD® coffee makers have acquired a fine and valuable reputation. The public recognizes Bodum CHAMBORD® Trade Dress and that it identifies Bodum's products exclusively. Bodum's CHAMBORD® coffee makers have acquired an outstanding celebrity and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality and by fair and honorable dealing with the trade and public in the distribution and sale thereof.

**Answer:**

La Cafetiére is without sufficient information or belief to admit or deny the allegations

of this paragraph and, on that basis, denies them.

12.     The identifying appearance of the Bodum CHAMBORD® Trade Dress constitutes protectable property of Bodum.

**Answer:**

Denied.

13.     Bodum has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote the Bodum CHAMBORD® Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national

and international trade shows, fixture programs with retailers and demonstrations and training. Such efforts have created and reinforced the association of the Bodum CHAMBORD® Trade Dress in the minds of the trade and the consuming public.

**<u>Answer:</u>**

La Cafetiére denies that Bodum has a protectable trade dress. La Cafetiére is without

sufficient information or belief to admit or deny the remaining allegations of this paragraph and,

on that basis, denies them.

14.    Bodum recently has discovered that LaCafetiére has been promoting and advertising for sale non-electric, French-press coffee makers that are colorable imitations of Bodum's CHAMBORD® coffee makers. A picture of LaCafetiére's coffee maker is attached as Exhibit B.

**<u>Answer:</u>**

La Cafetiére admits that it has promoted and advertised for sale non-electric, french press

style coffee makers. Further, La Cafetiére admits that a picture of La Cafetiére coffee makers is

attached as Exhibit B. La Cafetiére is without sufficient information or belief to admit or deny

the remaining allegations of this paragraph and, on that basis, denies them.

15.    LaCafetiére's coffee makers copy the look and overall appearance of the Bodum CHAMBORD® Trade Dress, including the elements described above, and is confusingly similar thereto.

**<u>Answer:</u>**

Denied.

16.    LaCafetiére's coffee makers are advertised, promoted and marketed in the same channels of trade as Bodum CHAMBORD® Trade Dress in the United States, including this District.

**<u>Answer:</u>**

La Cafetiére is without sufficient information or belief to admit or deny the allegations

of this paragraph and, on that basis, denies them.

17.    On information and belief, LaCafetiére knew of the Bodum CHAMBORD® Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to LaCafetiére's first promotion and use of its infringing trade dress for its coffeemakers. LaCafetiére deliberately adopted an appearance for its competing product seeking to trade upon the hard-earned goodwill of Bodum, and LaCafetiére has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum CHAMBORD® Trade Dress.

**Answer:**

Denied.

18.    Confusion will be likely to result from LaCafetiére's conduct unless enjoined by this Court.

**Answer:**

Denied.

19.    Bodum has been and will continue to be seriously and irreparably injured unless LaCafetiére's conduct is enjoined by this Court.

**Answer:**

Denied.

## COUNT I
## TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125

20.    As a complete and first ground for relief, Bodum hereby charges LaCafetiére with false representation and/or false designation of origin under 15 U.S.C. § 1125(a) and realleges and incorporates herein by this reference paragraphs 1 through 20 of this Complaint.

**Answer:**

La Cafetiére admits that Bodum charges La Cafetiére with false representation and/or

false designation of origin under 15 U.S.C. § 1125(a) and incorporates by reference La

Cafetiére's responses to the allegations of paragraphs 1 through 20.

21.    LaCafetiére intentionally has adopted and is using in commerce in connection with the advertising, promotion and sale of its coffee makers, an overall appearance that is intended by LaCafetiére to be substantially similar to, and a colorable imitation of, the distinctive Bodum CHAMBORD® Trade Dress.

**<u>Answer:</u>**

Denied.

22.    LaCafetiére's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum CHAMBORD® Trade Dress without authorization of Bodum is likely to cause confusion, to cause mistake and/or to deceive.

**<u>Answer:</u>**

Denied.

23.    Through the promotion, advertising and sale of such a confusingly similar coffeemaker, LaCafetiére has unlawfully simulated, appropriated and infringed Bodum's rights and its proprietary trade dress. Such conduct and appropriation constitute a false description or representation of Bodum's products or a false designation of origin in violation of 15 U.S.C. § 1125(a).

**<u>Answer:</u>**

Denied.


24.    LaCafetiére's conduct and its false representation of genuineness has injured and will injure Bodum by diversion of Bodum's goodwill and sales to LaCafetiére, and by diminishing and destroying Bodum's goodwill and reputation. Bodum seeks damages in such sum as may be proved at the time of trial in a sum equal to that received by LaCafetiére and those sums lost by Bodum as a result of such conduct and actions, in an amount not less than $75,000.

**<u>Answer:</u>**

Denied.

**COUNT II**
**<u>COMMON LAW UNFAIR COMPETITION</u>**

25.    As a complete and second ground for relief, Bodum hereby charges LaCafetiére with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 25 of this Complaint.

**Answer:**

La Cafetiére admits that Bodum charges La Cafetiére with common law unfair competition and incorporates by reference La Cafetiére's responses to the allegations of paragraphs 1 through 25.

26.    Bodum alleges that LaCafetiére has, by careful and considered planning, intentionally promoted its coffee makers to consumers through the use of Bodum CHAMBORD® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of its goods based on the merit, reputation and goodwill of Bodum and its high-quality products and services.

**Answer:**

Denied.

27.    LaCafetiére's actions constitute oppression, fraud and malice in that LaCafetiére has intentionally engaged in activities designed to confuse the public and to divert sales to LaCafetiére that would have otherwise been enjoyed by Bodum.

**Answer:**

Denied.

28.    Bodum further alleges that LaCafetiére has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and Bodum CHAMBORD® Trade Dress through its use of a confusingly similar trade dress. As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Bodum CHAMBORD® Trade Dress, and LaCafetiére will be unjustly enriched thereby. Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

**Answer:**

Denied.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT

29.    As a complete and third ground for relief, Bodum hereby charges LaCafetiére with violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq., and realleges and incorporates herein by this reference paragraphs 1 through 29 of this Complaint.

**<u>Answer:</u>**

La Cafetiére admits that Bodum charges La Cafetiére with violating the Illinois Uniform

Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq., and incorporates by reference La

Cafetiére's responses to the allegations of paragraphs 1 through 29.

30.     Bodum alleges that LaCafetiére intentionally, willfully and unlawfully simulated and appropriated Bodum's rights and the Bodum CHAMBORD® Trade Dress, by advertising, promoting, offering to sell and selling its coffee makers.

**<u>Answer:</u>**

Denied.

31.     Bodum further alleges that LaCafetiére's intentional and willful acts have unfairly deceived the public, and will continue to unfairly deceive the public, causing confusion and mistake as to the proper origin of LaCafetiére's products in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 et seq.

**<u>Answer:</u>**

Denied.

32.     LaCafetiére's actions constitute oppression, fraud and malice in that LaCafetiére has intentionally engaged in activities designed to confuse the public and to divert sales to LaCafetiére that would have otherwise been enjoyed by Bodum.

**<u>Answer:</u>**

Denied.

33.     As a result of LaCafetiére's actions and misappropriation of Bodum's rights, Bodum has suffered and will suffer irreparable injury to its property and goodwill, including destruction of the business value of the Bodum CHAMBORD® Trade Dress.

**<u>Answer:</u>**

Denied.

## PRAYER FOR RELIEF

La Cafetiére denies that Bodum is entitled to any relief, and specifically denies all of the allegations and prayers for relief contained in paragraphs A-I of Bodum's prayer for relief.

## LA CAFETIÉRE'S AFFIRMATIVE DEFENSES

La Cafetiére, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.    Bodum's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    La Cafetiére's allegedly tortious and infringing acts are covered by actual and implied licenses from Bodum.

### THIRD AFFIRMATIVE DEFENSE

3.    Bodum's claims are barred by acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

4.    Bodum does not have a valid or protectable trade dress in its CHAMBORD ® coffee makers.

## FIFTH AFFIRMATIVE DEFENSE

5.      Bodum's claims are barred by Bodum's abandonment of its claimed trade dress by acts that have caused any trade dress to lose its significance as an indication of origin.

## SIXTH AFFIRMATIVE DEFENSE

6.      Bodum's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Bodum's claims are barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Bodum has not suffered and will not suffer any damage or harm as a result of the activities of La Cafetiére.

## NINTH AFFIRMATIVE DEFENSE

9.      Bodum's alleged trade dress is functional.

## TENTH AFFIRMATIVE DEFENSE

10.      Bodum is attempting to misuse its alleged trade dress to acquire a monopoly in violation of the United States antitrust laws.

## ELEVENTH AFFIRMATIVE DEFENSE

11.      Bodum's state law claims, which are based on product design, are preempted pursuant to the *Sears-Compco* doctrine.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     There is no likelihood of consumer confusion regarding the source, sponsorship, or affiliation of the La Cafetiére products at issue.

**RESERVATION OF DEFENSES**

To the extent not already pled, La Cafetiére reserves its right to add additional affirmative defenses pending further investigation and discovery.

WHEREFORE, Defendant La Cafetiére prays that:

A.     Judgment be entered in favor of La Cafetiére as to the Second Amended Complaint and each and every cause of action contained therein.

B.     The denial of all relief sought by Bodum.

C.     La Cafetiére be awarded its attorneys' fees and costs.

D.     LaCafetiére be granted such other and further relief as justice may require.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), La Cafetiére respectfully demands a jury trial on all issues triable to a jury.

Respectfully Submitted,

 /s/ R. David Donoghue

Thomas G. Pasternak
R. David Donoghue
DLA Piper US LLP
203 N. LaSalle Street, Suite 1900
Chicago, Illinois 60601
(312) 368-4000
thomas.pasternak@dlapiper.com
david.donoghue@dlapiper.com

*Attorneys for La Cafetiére, Inc.*