IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODUM USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LA CAFETIERE, INC., <br><br> Defendant. | No. 07 C 6302 <br><br> Judge: Matthew F. Kennelly |

## PROTECTIVE ORDER

1. This Protective Order shall bind and inure to the benefit of the Plaintiff Bodum USA, Inc. and Defendant La Cafetiére, Inc. (collectively, "the Parties"), and any third party who indicates in writing that such third party consents to be bound by or seeks the benefits hereof.

2. As used herein, the following definitions shall apply:

(a) "CONFIDENTIAL INFORMATION" means any type or classification of information that is designated in writing or on the record as CONFIDENTIAL, whether it be a document, in written or digital or electronic format, answers to interrogatories, requests to admit, testimony or otherwise. "CONFIDENTIAL INFORMATION" is not information that: (i) the producing party agrees, or the Court rules, is already public knowledge; (ii) becomes public knowledge other than as a result of disclosure by the receiving party; or (iii) has come or shall come into the receiving party's legitimate possession independently of the producing party.

(i) Unless otherwise amended by order of the Court or amended as a result of an agreement by the Parties that is approved by the Court, for the purposes of this matter, information shall only be designated CONFIDENTIAL if it falls within the following categories:

**Exhibit "A"**

(1)   proprietary business and financial information, including, but not limited to, sales figures, internal analysis of sales figures, future sales projections, profit and loss statements, and other non-public financial reports;

(2)   internal marketing material, including, but not limited to, documents reflecting expenditures associated with marketing efforts;

(3)   prospective product design materials, including, but not limited to, documents reflecting internal research and development efforts to create products that have not been made available to the public; and

(4)   trade secrets.

(b)   "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" means CONFIDENTIAL INFORMATION that is specifically designated for the eyes of those attorneys who have appeared as counsel for the parties in the above-referenced matter, and no others except for those attorneys' assistants, associates, paralegals, clerks (hereinafter collectively referred to as "Outside Attorneys") the Court, experts and experts' staff, provided that such experts and experts' staff fully comply with Paragraph 2(c)(iv) below (hereinafter "Complying Experts").  CONFIDENTIAL INFORMATION designated as CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be made available to the Outside Attorneys and Complying Experts, who may not, without the prior written permission of the producing party, reproduce, duplicate, or transmit copies in any way.

(c)   "QUALIFIED PERSON" means:

(i)   all outside attorneys of record, including their assistants, associates, paralegals, clerks and stenographic personnel;

(ii)   the Parties' current officers, directors and management employees;

(iii)   the Court, all court personnel, stenographic and video reporters engaged in proceedings incident to this action; and

(iv)   non-party experts, non-management employee witnesses, and third parties, provided that the terms of this Protective Order are disclosed to each such person,

and each such person signs a statement in the form of Exhibit A hereto, agreeing to comply with the terms of the Protective Order.

3.  All CONFIDENTIAL INFORMATION shall be used solely for the purposes of this litigation and shall not be disclosed to any person(s) other than a QUALIFIED PERSON.

4.  The Parties may designate a document as CONFIDENTIAL INFORMATION by applying the legend "CONFIDENTIAL" to the first page of a document or, if in digital or electronic format, on the copy or in the recording or duplication of the same, supplied to the other of the Parties or by written notice to the counsel for the Parties that specifies the documents to be designated as "CONFIDENTIAL INFORMATION," but need not make such marking on inspection by the other Party's counsel prior to copying.  At the time the document is produced for inspection by counsel, it is sufficient designation for the purposes of this Protective Order that a container holding tangible objects, a file or an individual document bear a written label with "CONFIDENTIAL – UNDER PROTECTIVE ORDER" or the like.

5.  A party may designate specific deposition testimony as CONFIDENTIAL INFORMATION by notifying all parties in writing and by specifying the specific information so designated, within twenty (20) business days of receipt of the written transcript after the reporter has in the ordinary course completed and forwarded the transcript.  Each party and the court reporter shall consider all transcripts as containing CONFIDENTIAL INFORMATION during this twenty (20) business day period, unless otherwise agreed in writing by the parties.  Each party and the court reporter shall attach a copy of any written statement asserting that specific testimony is CONFIDENTIAL INFORMATION to the face of the transcript and each copy thereof in his possession, custody or control.  If the transcript is not ordered by a party, that party waives the right to designate any portions as CONFIDENTIAL INFORMATION.

6. Nothing in this Protective Order shall be construed as precluding a party from seeking additional protection from the Court against the disclosure or production of other commercial information, including an Order that such information not be disclosed or that it be disclosed only in a designated way.

7. Nothing in this Protective Order shall be construed to require the production of documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

8. A Party may seek to have information designated as CONFIDENTIAL INFORMATION filed with the Court under seal. Good cause must be shown for sealing a portion of the record in this matter. In order to do so, the Party must file a motion with the Court requesting that certain information designated as CONFIDENTIAL INFORMATION be sealed, setting forth the reasons in support of same. The motion must be noticed for a hearing prior to the due date of the particular filing.

(a) In the event that the Court grants a motion filed pursuant to Paragraph 8, such CONFIDENTIAL INFORMATION shall be filed with the Court in physical, and not electronic, form contained in sealed envelopes prominently marked with the caption and docket number of the case, a description of the contents of such sealed envelope, the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> This envelope contains documents that were filed in this litigation [case number] by [name of party] in conjunction with [name of pleading], and is not to be opened, nor the contents to be displayed or revealed except by, or upon order of, the Court.

(b) Further, in the event that the Court grants a motion filed pursuant to Paragraph 8 and the Parties wish to use such CONFIDENTIAL INFORMATION in any briefs,

memoranda of law or other papers filed with the Court in this litigation, such CONFIDENTIAL INFORMATION shall be maintained under seal by the Court as set forth above.

9. It is understood that any CONFIDENTIAL INFORMATION produced by the producing party shall not be used by the nonproducing party for any purpose other than this litigation. Nothing in this Protective Order shall be construed to restrict a party's own business use of its own information because it has designated such information as CONFIDENTIAL INFORMATION and such use shall not affect the status of such information or effect a waiver.

10. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order of any CONFIDENTIAL INFORMATION if the Parties expressly consent to such disclosure, either in writing or in the record or at any proceeding in this litigation, or if the Court, after due notice to all affected parties, orders such disclosure.

11. Nothing in this Protective Order shall limit whatever pre-existing legal rights a party or individual may have to use information that another party may designate as CONFIDENTIAL INFORMATION under this Protective Order.

12. This Protective Order shall not preclude any party from using CONFIDENTIAL INFORMATION during any trial or other proceeding in this case, provided: (i) that any such documents or information that may be filed with the Court are filed under seal; (ii) that any legal proceedings are conducted in a manner to preclude third parties from access to or receipt of any CONFIDENTIAL INFORMATION as the Court may allow; and (iii) that all other practical steps are taken to limit disclosure of such information and otherwise protect its confidentiality. The use of any CONFIDENTIAL INFORMATION in any legal proceeding shall not be a waiver of confidentiality and shall not justify the use of any such information by any party or person that did not otherwise have a legal right to use same.

13. No receiving party shall be under any obligation to object to the designation of any document or information as CONFIDENTIAL INFORMATION (including any CONFIDENTIAL INFORMATION – FOR ATTORNEYS' EYES ONLY) at the time that such designation is made or at any time thereafter; and no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

14. If any of the Parties wishes to have a CONFIDENTIAL INFORMATION (including any CONFIDENTIAL INFORMATION – FOR ATTORNEYS' EYES ONLY) designation modified or removed from any document so designated, such party shall first request such modification or removal by the party who made the designation, and the parties shall thereafter engage in a good-faith attempt to resolve any differences. If, after a good-faith attempt to resolve differences has been undertaken, the designating party declines the request, then the designating party shall apply to the Court by motion for a protective order and a ruling that the document or transcript shall be treated as CONFIDENTIAL MATERIAL in a manner described above. Such motion shall be made within a reasonable period of time, but not greater than fifteen (15) days after written notice from the party objecting to the CONFIDENTIAL MATERIAL designation that such a motion to resolve the dispute is necessary. Upon such application, the party asserting confidentiality bears the burden to establish same, with each party to bear its own attorneys' fees and costs. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the CONFIDENTIAL MATERIAL treatment described above.

15. The inadvertent or unintentional disclosure by the designating party of CONFIDENTIAL INFORMATION, regardless of whether the information was so designated at

the time of disclosure, shall not be deemed a waiver either as to the specific information disclosed, or as to any other information relating thereto or on the same or related subject matter.

16. Should any document or information designated as CONFIDENTIAL INFORMATION hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then such person: (i) shall be informed promptly of all the provisions of this Protective Order by the party who discovers his having obtained such disclosure; (ii) shall be identified immediately to the other party; (iii) shall be asked to sign the agreement that is attached as Exhibit A; and (iv) shall be asked to return any documents containing the CONFIDENTIAL INFORMATION.

17. The provisions of this Protective Order shall survive the conclusion of this litigation. Within thirty (30) days after final conclusion of all aspects of this litigation (including the conclusion of any appeal), all originals or copies of CONFIDENTIAL INFORMATION in the possession of the parties shall be returned to the party or person that produced such documents or gave such information that designation, or at the option of the producer or designator, destroyed. All counsel of record shall make written certification of compliance herewith and shall deliver the same to opposing counsel not more than sixty (60) days after final termination of this litigation.

18. In the event that either party is requested to produce CONFIDENTIAL INFORMATION pursuant to a lawfully issued subpoena, document request or court order, the party served with said subpoena, document request or court order shall immediately notify counsel for the parties prior to the production of any CONFIDENTIAL INFORMATION and provide counsel for the parties with a copy of said subpoena, document request or court order.

19. This Protective Order supersedes any previous written or oral arrangement for confidentiality agreed to by the parties.

CHICAGO/#1761764.3

- 8 -

                                          **SO ORDERED:**

**Dated:_____, 2008.**

                                          **Judge Matthew F. Kennelly**

## "EXHIBIT A"

### AGREEMENT OF _____

20.　I have read and understand the provisions of the protective order in the case styled <u>Bodum USA, Inc., v. La Cafetiére, Inc.</u>, Case No. 07 CV 06302, pending in the United States District Court for the Northern District of Illinois (the "Protective Order").

21.　I will comply with all of the provisions of the Protective Order.

22.　I will hold in confidence, will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action any CONFIDENTIAL INFORMATION, as defined therein.

23.　After the final conclusion of the litigation, I will return all materials designated as CONFIDENTIAL INFORMATION and copies, documents or things that I have prepared relating thereto, to counsel of record for the party who have provided me with the materials designated as CONFIDENTIAL INFORMATION.

24.　I hereby agree that my obligations under this Protective Order may be enforced by the United States District Court for the Northern District of Illinois.

Printed Name:_____

Address:_____

_____

Signature:_____

Dated:_____, 200__.

CHICAGO/#1761764.3