# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| BODUM USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LaCAFETIÉRE, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 07 C 6302 <br> ) <br> ) Judge Matthew F. Kennelly <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |

### DEFENDANT LA CAFETIERE'S RESPONSE TO PLAINTIFF'S
### MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant La Cafetiére, Inc. ("La Cafetiére") agrees that a protective order is necessary in this case to expedite discovery and protect the confidential materials of each party. But the parties were unable to agree on one vital element of the order – a notice period before confidential documents are provided to an opposing party's experts. Plaintiff Bodum USA, Inc.'s ("Bodum") proposed protective order leaves this important protection out. La Cafetiére's proposed protective order, in § 2(c)(iv), requires that, prior to disclosure of any information designated as Confidential Information — Attorneys' Eyes Only ("AEO") to a third party, an "offering party" provide the opposing party with:

1. the identity of any non-party experts, non-management employee witnesses and/or third parties; and

2. the person's curriculum vitae or other comparable materials,

The opposing party then has ten days to consent or object to the proposed disclosure of AEO information, such consent not to be unreasonably withheld. *See* Ex. A (La Cafetiére's proposed protective order); Ex. B (redline comparing La Cafetiére's proposed protective order to Bodum's). The text of La Cafetiére's proposed addition is as follows:

> And further provided that the identity of any such person along with their curriculum vitae or other comparable materials and their signed form of Exhibit A, are first provided by the offering party to the other party and that the other party is provided ten days to consent or object to the person for business reasons, such consent not to be unreasonably withheld. Should the other party object to the person, the parties must meet and confer to discuss resolution of the issue. If the parties cannot resolve the issue, the offering party must move the Court to resolve the issue.

*Id*. at § 2(c)(iv). This simple procedure guarantees that neither party's most sensitive documents are accidentally produced to a third party that has, or is likely to have, a competitive relationship with the opposing party. Additionally, with fact discovery not set to close until December 1, the parties have more than sufficient time to factor the ten day notice period into their expert witness plans. And a ten day delay is a minor inconvenience when compared to the safety it provides both parties.

Furthermore, La Cafetiére's proposed notice provision does not give the opposing party significant control over the offering party's choice of experts. The opposing party can only object to the expert's receipt of AEO documents, <u>not</u> her service as an expert or consultant. And objections can only be for business reasons and may not be made unreasonably. In La Cafetiére's counsel's experience this is a routine protective order provision in virtually all cases in this district and elsewhere. And while opposing parties rarely withhold consent, when they do it prevents disclosures to experts that could be costly for both parties.

For these reasons, La Cafetiére respectfully requests that the Court enter La Cafetiére's proposed protective order attached hereto as Exhibit B

Dated:  August 8, 2007

                                                Respectfully Submitted,

                                                By: /s/ R. David Donoghue

                                                Thomas G. Pasternak
                                                R. David Donoghue
                                                DLA Piper US LLP
                                                203 North LaSalle Street, Suite 1900
                                                Chicago, Illinois 60601
                                                (312) 368-4000

                                                *Attorneys for Defendant La Cafetiére, Inc.*