## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BODUM USA, INC.,** | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 CV 06302 |
| | ) | |
| **LA CAFETIÈRE, INC.,** | ) | Judge Matthew Kennelly |
| an Illinois corporation, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

### La CAFETIÈRE, INC.'S
### MOTION FOR ATTORNEYS' FEES

La Cafetière, Inc. ("La Cafetière") respectfully moves this Court for attorneys' fees and related non-taxable expenses pursuant to 15 U.S.C. § 1117(a) and Rule 54 of the Federal Rules of Civil Procedure and for sanctions pursuant to 28 U.S.C. § 1927, Rule 11, Fed. R. Civ. P., and the inherent power of the Court and in support states as follows:

1. This is an action for trade dress infringement under 15 U.S.C. § 1125(a), common law unfair competition, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq*.

2. La Cafetière filed its first motion for summary judgment on September 29, 2008, wherein La Cafetière maintained that it is entitled to summary judgment as to each of Bodum's claims because it has the right to manufacture and sell the coffee makers at issue in this matter pursuant to a 1991 Stock Purchase Agreement. Further, on October 9, 2008, La Cafetière filed its second motion for summary judgment based upon the doctrines of laches and equitable estoppel.

3. On March 24, 2009, this Court granted La Cafetière Summary Judgment Based upon the Parties' 1991 Stock Purchase Agreement and denied La Cafetière's Motion for Summary Judgment of Laches and Equitable Estoppel as moot. (Docket Entry No. 100.)

4. La Cafetière respectfully requests that the Court grant its Motion in its entirety and (1) grant La Cafetière leave to file a petition for taxable costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920; (2) grant La Cafetière leave to file a petition for attorneys' fees and related non-taxable expenses pursuant to 15 U.S.C. § 1117(a) and Rule 54(d)(2); (3) award La Cafetière sanctions pursuant to 28 U.S.C. § 1927, Rule 11, and/or the inherent power of the Court; and (4) enter an Order pursuant to Local Rules 54.1 and 54.3 setting a schedule to determine the amount of the foregoing fees and costs.

| | |
|---|---|
| April 7, 2009 | Respectfully Submitted, |
| | /s/ Thomas G. Pasternak |
| |     Thomas G. Pasternak |
| |     Steven J. Reynolds |
| |     DLA Piper LLP (US) |
| |     203 N. LaSalle Street, Suite 1900 |
| |     Chicago, Illinois 60601 |
| |     (312) 368-4000 |
| |     thomas.pasternak@dlapiper.com |
| |     steven.reynolds@dlapiper.com |
| |     *Attorneys for Defendant* |
| |     *La Cafetière, Inc.* |

- 4 -

**CERTIFICATE OF SERVICE**

I, Thomas G. Pasternak, hereby certify that on April 7, 2009, I served **La CAFETIÈRE, INC.'S MOTION FOR ATTORNEYS' FEES** via e-mail to:

>David E. Bennett
>Chad A. Schiefelbein
>Jared C. Jodrey
>Vedder Price P.C.
>222 North LaSalle Street, Suite 2600
>Chicago, IL 60601-1003
>(312) 609-7500

>/s/ Thomas G. Pasternak
>Thomas G. Pasternak