IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BODUM USA, INC., )
 )
      Plaintiff, )
 )
vs. ) Case No. 07 C 6302
 )
LA CAFETIÈRE, INC., )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Bodum USA, Inc. sued La Cafetière, Inc., for infringement of its trade dress in violation of 15 U.S.C. § 1125(a), common law unfair competition, and violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2(a). Bodum alleged that La Cafetière sold, promoted, and advertised products that were imitations of Bodum's distinctive "Chambord" trade dress. On March 24, 2009, the Court granted La Cafetière's motion for summary judgment based on the 1991 Stock Purchase Agreement between Bodum Holdings A/S and Société des Anciens Etablissements Martin S.A. La Cafetière now seeks attorneys fees pursuant to 15 U.S.C. § 1117(a); sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11; and costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

## Discussion

The factual basis for plaintiffs' claims is set forth in this Court's decision dated March 24, 2009, *Bodum USA, Inc. v. La Cafetière, Inc.*, No. 07 C 6302, 2009 WL

1

804050 at *1-3 (N.D. Ill. Mar. 24, 2009), in which the Court granted La Cafetière's motion for summary judgment.

**A.     Attorney's Fees**

The Lanham Act authorizes the Court to award reasonable attorney's fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). A suit is exceptional "if it lacked merit, had elements of an abuse of process claim, and plaintiff's conduct unreasonably increased the cost of defending against the suit." *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001) (citing *Door Sys., Inc. v. Pro-Line Door Sys., Inc.*, 126 F.3d 1028, 1031 (7th Cir. 1997)). Although an award of attorney's fees may be "[b]ased solely on the weakness of [the plaintiff's] claims," *id.* at 627, the simple fact that the defendant prevailed is not sufficient to impose attorney's fees on a losing plaintiff. *Door Sys.*, 126 F.3d at 1032.

La Cafetière contends that it is entitled to attorney's fees because its victory on summary judgment demonstrates that Bodum's claims were frivolous and had no plausible legal basis. The Court disagrees. Although the Court found that there was no genuine issue of material fact, it did not indicate or imply that Bodum's claim or its arguments were frivolous. Bodum presented evidence and an expert opinion that, while ultimately insufficient to survive summary judgment, supported its legal position. There is no indication that Bodum filed or pressed its claims in bad faith. As a result, the case does not qualify as exceptional.

Next, La Cafetière contends that the case became "exceptional" after Bodum's arguments were rejected by a Danish court on February 8, 2008. Because the Danish

court rejected arguments that La Cafetière contends were identical to those asserted by Bodum in its opposition to summary judgment, La Cafetière argues that Bodum's continued prosecution of this case renders it exceptional under the Lanham Act.

The Danish court denied Bodum's request for a preliminary injuction, finding that "the conditions for issuing an injunction ha[d] not been fulfilled." Mot. for Summ. Judg. Based on Stock Purchase Agr., Ex. 6 at LaCaf00881. Although the Danish court agreed with La Cafetière's interpretation of the stock purchase agreement, the ruling—issued about three months after Bodum initiated this suit—was based on Danish law governing the issuance of preliminary injunctions. As such, the ruling did not render Bodum's trade dress claims baseless or frivolous in an American court.

Finally, La Cafetière contends that Bodum's delay in filing the suit makes the case exceptional under the Lanham Act. La Cafetière fails to cite, however, any authority supporting an award of costs for what is essentially a laches defense upon which the Court did not rule. Because it granted La Cafetière's summary judgment motion based on the stock-purchase agreement, the Court denied as moot its summary judgment motion based on equitable defenses. In short, the Court did not find that Bodum unreasonably delayed its initiation of the suit. Furthermore, Bodum presented evidence that La Cafetière was inactive in the American market before 2006 and that its marketing of the allegedly infringing model was limited and sporadic. As a result, the Court cannot find that the purported delay was oppressive to La Cafetière.

For similar reasons, the Court denies La Cafetière's motion for sanctions under Rule 11. The arguments La Cafetière makes under Rule 11 are the same ones it made in support of its motion for attorneys' fees under the Lanham Act. As stated above, the

Court disagrees with La Cafetière's characterization of Bodum's claims baseless or frivolous.

In addition, the Court finds no basis to award fees under section 1927. Such sanctions are appropriate only in the face of unreasonable and vexatious conduct, which was not present in this case. *See Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183-85 (7th Cir. 1993). Again, the fact that Bodum lost on summary judgment—even combined with its loss in the Danish court—does not render its pursuit of this case vexatious.

**B.     Costs**

Rule 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Allowable costs include fees for transcripts and copies of papers "necessarily obtained for use in the case." 28 U.S.C. 1920 (2) & (4). Rule 54 creates a "presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

   **1.     Deposition transcripts**

The Court may tax the costs of deposition transcripts only if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920. "[A] cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors North America, Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). La Cafetière seeks to recover $5,207.36 in connection with seven expedited deposition transcripts, ASCII diskettes, condensed transcripts, and delivery fees. Bodum does not dispute

4

that the depositions were necessary, but it does dispute several of the charges associated with each deposition.

Under Local Rule 54.1(b), "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was provided for by order of the court." N.D. Ill. LR 54.1(d). The per-page rates in effect at the time the depositions were taken in this case were $3.65 for ordinary delivery and $4.85 for expedited delivery. La Cafetière contends that it is entitled to recover for expedited transcripts.

Bodum argues that La Cafetière has failed to provide sufficient information to establish that the transcript costs for three witnesses were reasonable. La Cafetière failed to provide itemized invoices for two witnesses: Jeffery Malkasian and Roger Williams. In its reply, La Cafetière partially corrected its omission by submitting evidence of the number of pages for each deposition. The per-page rate for both depositions exceeds the per-page maximum established by the court. La Cafetière argues that the Court should accept the final amount and assume that the additional costs were justified.

La Cafetière has demonstrated that it is entitled to recover the costs of expedited delivery of the three transcripts. The depositions were taken during the summary judgment briefing, and it was reasonably necessary for La Cafetière to obtain the transcripts via expedited delivery. ASCII diskettes, condensed transcripts, and delivery charges, however, are generally not recoverable because they are regarded as costs incurred for counsel's convenience. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945

(N.D. Ill. 2002) (costs for ASCII diskettes and condensed transcripts are not recoverable); *Smith v. Teamsters Local 705*, No. 96 C 1370, 1998 WL 887086 at *4 (N.D. Ill. Dec. 11, 1998) (absent justification, delivery fees are not recoverable). In this case, the invoices indicate that La Cafetière ordered the diskettes in addition to expedited stenographic transcripts as well as, in some cases, condensed transcripts. La Cafetière contends that the briefing schedule and discovery disputes justify the inclusion of these costs. Though these factors justify obtaining expedited transcripts, they do not justify awarding the additional fees for diskettes, condensed transcripts or hand delivery. La Cafetière has failed to articulate why—other than counsel's convenience—those additional costs were reasonably necessary. As a result, the Court will allow La Cafetière to recover costs up to $4.85 per page, the maximum per-page rate, for the depositions of Jorgen Bodum, Williams, and Malkasian. These are summarized as follows:

| Witness | Pages | Rate | Total |
|---|---|---|---|
| Jorgen Bodum | 187 | $4.85 | $906.95 |
| Roger Williams | 64 | $4.85 | $310.40 |
| Jeffrey Malkasian | 77 | $4.85 | $373.45 |
| **TOTAL** | 328 | $4.85 | **$1,590.80** |

With respect to the remaining witness depositions, La Cafetière has established its entitlement to the costs it has claimed for the transcripts, except those for ASCII diskettes, condensed transcripts, and delivery fees. These are summarized as follows:

6

| Witness | Claimed cost | Non-recoverable costs | Recoverable costs |
|---|---|---|---|
| Brian Noon | $560.36 | $38.00 | $522.36 |
| Louis De Viel Castel | $612.80 | $282.20 | $330.60 |
| Lewis Bingham | $809.30 | $348.20 | $461.10 |
| Brenda Cook | $610.3 | $145.60 | $464.70 |
| **TOTAL** | | | **$1,778.76** |

The Court therefore awards La Cafetière a total of $3,369.56 in costs associated with deposition transcripts.

### 2. Fees for exemplification and copying

La Cafetière also claims $3,980.46 in fees for exemplification and copies of papers necessarily obtained for use in the case. Bodum contends that La Cafetière has failed to produce sufficient documentation to support its claimed costs. Although the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," it must "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Bodum objects to La Cafetière's claimed costs for three reasons. First, it contends that La Cafetière's 15¢ per-page rate is excessive because the in-house rate claimed by La Cafetière cannot exceed rates charged by outside print shops. Since La Cafetière failed to establish the going rate at outside print shops, Bodum asserts that it should not be permitted to recover photocopying costs at all.

Courts in this circuit have found rates up to 20¢ per page to be reasonable under Rule 54. *See Teamsters Local 705*, 1998 WL 887086 at *5 (collecting cases). Bodum has cited three cases in which a court reduced the per-page rate for copies. In each of those cases, however, the party challenging the costs produced evidence that outside copy shops charged a lower rate than that claimed by the prevailing party. *See Sisto v. Ameritech Sickness & Accident Disability Benefit Plan*, 01 C 8262, 2004 WL 816774, at *4 (N.D. Ill. Mar. 15, 2004); *Aebischer v. Strycker Corp.*, No. 05-CV-2121, 2007 WL 1668065, at *8 (C.D. Ill. June 8, 2007); *Petit v. City of Chicago*, No. 90 C 4984, 2003 WL 22339277, at *5 (N.D. Ill. Oct. 10, 2003). Bodum has offered no such evidence. For that reason, and because other courts in this district have found reasonable rates of up to 20¢ per page, the Court finds La Cafetière's 15¢ rate to be reasonable.

Next, Bodum contends that La Cafetière has provided insufficient documentation to support a determination that all of its copying costs are properly taxable. Although the cost of making copies for the opposing party and the court is recoverable, the cost of additional copies made for counsel's convenience is not. *See McIlveen v. Stone Container Corp.* 910 F.2d 1581, 1584 (7th Cir. 1990). In this case, La Cafetière did not provide a detailed breakdown of which documents were copied on which dates. Rather, it contends that it produced the best records of the costs that it had. La Cafetière contends that its costs for in-house copying were low, given the amount of discovery, exhibits and filings required in the case. In the absence of evidence to the contrary, the Court agrees with La Cafetière. The copying costs—with one exception

which the Court addresses below—were reasonable, and La Cafetière has provided sufficient documentation.

There is one set of copying costs for which La Cafetière has failed to provide adequate documentation. It contends that it is entitled to recover $249.55 for copies made by an unknown paralegal, at an unknown per-page charge. La Cafetière asks the Court to assume that the per-page rate was 15¢. This is insufficient to support a claim for costs.

Finally, Bodum contends that La Cafetière's claim for copies of discovery materials is deficient because the copies were made merely for La Cafetière's convenience. La Cafetière contends that those copies related to "documents . . . either produced by Bodum and provided to La Cafetière so that La Cafetière could copy them at La Cafetière's expense or provided to La Cafetière at either La Cafetière's expense or at the shared expense of both parties." Reply at 7. La Cafetière has offered letters supporting this contention. The Court finds the costs reasonable under the circumstances.

The following chart summarizes the Court's ruling regarding costs for photocopying:

| Category | Amount of pages | Rate | Total |
|---|---|---|---|
| In-house copies | 14,039 | 15¢ | $2,105.85 |
| In-house copies by unknown paralegal | unknown | unknown | not recoverable |
| Vendor duplication of documents offered by Bodum | B/W: 1,853<br>Color: 1,840 | 10¢<br>75¢ | $185.30<br>$1,380.00 |

| Bates labeling and copies of documents produced by Bodum | B/W: 166<br>Color: 332 | 06¢<br>15¢ | $9.96<br>$49.80 |
|---|---|---|---|
| **TOTAL** | | | **$3,730.91** |

**Conclusion**

For the reasons stated above, the Court denies La Cafetière's motion for attorney's fees [docket no. 106] and grants in part its petition for costs [docket no. 115], taxing costs against plaintiff in the amount of $7,156.97 ($3,369.56 for deposition transcript fees, $56.50 for witness fees, and $3,730.91 for copying costs).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 17, 2009